IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SEBASTIAN, | NO.: 1:23cv2 |
| Plaintiff, | TYPE OF PLEADING: |
| v. | **COMPLAINT** |
| MILLCREEK TOWNSHIP, a municipal corporation, JOSE DELGADO, JR., an individual and OFFICER # 2, an individual, | FILED ON BEHALF OF PLAINTIFF |
| | COUNSEL OF RECORD FOR THIS PARTY: |
| Defendants. | RICHARD E. FILIPPI, ESQUIRE |
| | PA. I.D. NO.: 66525 |
| | FILIPPI LAW |
| | 4TH & FRENCH STREETS |
| | 102 EAST 4TH STREET |
| | ERIE, PA. 16507 |
| **JURY TRIAL DEMANDED** | (814) 874-0558 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SEBASTIAN, | ) NO.: |
| Plaintiff, | ) |
| v. | ) |
| MILLCREEK TOWNSHIP, a municipal corporation, JOSE DELGADO, JR., an individual and OFFICER # 2, an individual, | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

### *Introductory Statement*

1.  This is a Civil Rights Action brought under 42 U.S.C. § 1983 and raising Supplemental State - Law Claims concerning the actions of Defendant Millcreek Township's Police Officers Jose Delgado, Jr. and an unknown Officer # 2 on September 22, 2022 in unlawfully arresting, maliciously prosecuting, and using excessive and unreasonable force in violating Plaintiff's constitutional right, including his First Amendment Right to Freedom of Speech pursuant to the United States Constitution and Article 1 Section 7 of the Pennsylvania Constitution. Further, the actions and conduct of the Defendant Officers were the result of a policy, practice, custom, and deliberate indifference on the part of the Defendant Millcreek Township.

## *Jurisdiction*

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1342(a)(3), 1343(a)(4) and 1367 (a).

## *Parties*

3. The Plaintiff, Thomas Sebastian, is an adult individual residing at 3082 West 12th Street, Erie, Pennsylvania 16505, in the Township of Millcreek and County of Erie.

4. The Defendant, Millcreek Township is a second class township and a municipal corporation created under the laws of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Millcreek Township Police Department ("MPD"), which employs Defendants Jose Delgado, Jr. and Officer #2.

5. Defendant, Patrolman Jose Delgado, Jr. is an adult individual maintaining a business address of 3608 West 26th Street, Erie, Pennsylvania 16506, in Millcreek Township, and the County of Erie.

6. Defendant, Patrolman Jose Delgado, Jr., is and was at all times relevant to this Complaint an officer in the Millcreek Police Department.

7. Defendant, Patrolman Officer #2, is an adult individual maintaining a business address of 3608 West 26th Street, Erie, Pennsylvania 16506, in Millcreek Township, and the County of Erie.

8. Defendant, Patrolman Officer #2, is and was at all times relevant to this Complaint an officer in the Millcreek Police Department.

9. At all times relevant to this Complaint, the Defendant Officers acted in concert and agreement and are jointly and severally responsible for the harm caused to the Plaintiff.

10. At all times relevant to this Complaint, the Defendant Officers were acting under color of State Law.

## *Factual Allegations*

11.     On September 22, 2022 at approximately 3:30 p.m. the Plaintiff, Thomas Sebastian, was traveling in his vehicle heading west along West 12th Street in Millcreek Township.

12.     While driving, with his window down, Plaintiff was listening to a radio commentator.

13.     Plaintiff stopped for a light at the intersection of West 12th Street and Peninsula Drive, still in Millcreek Township. His car was in the left hand through lane.

14.     While sitting at the red light, the Plaintiff heard the radio commentator talking about former President Donald Trump.

15.     In response to the commentator, the Plaintiff shouted three times, "F*** Donald Trump."

16.     The radio commentator continued with a reference to former President Trump's family.

17.     In response, the Plaintiff reacted by shouting "F*** Donald Trump and his kids, too."

18.     This entire episode occurred while the Plaintiff was sitting at a steady red light in the left through lane. At no time did the Plaintiff approach a curb or display any type of "erratic" driving.

19.     At approximately 3:48 p.m., allegedly a "report" was made to the Millcreek Police Department claiming that a motorist at the light at West 12th Street and Peninsula Drive had been "yelling at other vehicles about Donald Trump and almost hit a curb."

20.     Apparently, the caller provided the Millcreek Police Department the Plaintiff's license number as the Defendant, Jose Delgado, Jr. and Officer #2 were dispatched to the Plaintiff's residence at 3082 West 12th Street.

21.     The Defendant Officers arrived at Plaintiff's residence at approximately 4:18 p.m.

22.     The Plaintiff's residence is a multi-unit apartment complex. The Plaintiff lives on the second floor. The apartment complex has a common parking lot reserved for tenants which is located entirely on the property of the apartment complex.

23.     The Defendant Officers proceeded to the Plaintiff's residence and knocked on the door.

24.     When Plaintiff opened the door, he was surprised to see the Defendant Officers, who identified themselves and told Plaintiff that they were investigating an incident where a motorist had been screaming expletives about former President Trump.

25.     The Plaintiff readily admitted that it was he and informed the Defendant Officers that he had every right to verbally express his opinion regarding Donald Trump while in his own motor vehicle.

26.     The parties argued a bit when the Plaintiff finally asked the Defendant Officers to leave.

27.     The discussion lasted approximately five (5) minutes.

28.     Approximately ten (10) minutes later, the Plaintiff realized he had left his phone in his car and went to his car to retrieve it.

29.     Plaintiff's car was parked in his reserved space located on the property of the apartment complex.

30.     While retrieving the phone and in his car, Plaintiff was suddenly and unexpectedly accosted by the Defendant Officers.

31.     The Plaintiff was grabbed from his car, thrown to the ground, had his arms pushed behind his back, and had his face pushed in the dirt. He was then cuffed.

32. Without further explanation, the Plaintiff was transported to the MPD and held for several hours during which time he was initially refused use of the bathroom.

33. Plaintiff was later charged with disorderly conduct, 18 Pa. C.S. § 5503 (a)(3) and Public Drunkenness, 18 Pa. C.S. § 5505.

34. The charges were based on the officers' allegations regarding the incident at Plaintiff's residence which occurred entirely on the Plaintiff's leasehold premises.

35. A hearing was held on October 11, 2022 before the Honorable District Judge Laurie M. Mikielski after which the Plaintiff was found not guilty of both charges.

36. The arrest and other violations of Plaintiff's constitutional and other rights was ratified and further endorsed by the Chief of the MPD, Scott Heidt who approved of the charges and prosecution, particularly after he viewed body camera video.

37. Chief Heidt publicly stated that the arrest was justified to make sure the Plaintiff wasn't "going to get in his car and drive anywhere again."

38. Chief Heidt further stated that then the Defendant Officers went to the Plaintiff's residence "he got belligerent with them," apparently as additional justification for the arrest.

39. Chief Heidt acknowledged that in approving the filing of charges and prosecution of the Plaintiff, Chief Heidt had watched the body camera video of the arrest by the Defendant Officers.

## *Causes of Action*

### Count I

### Plaintiff v. Defendant Jose Delgado, Jr. and Officer #2

### *Federal Constitutional Claims*

40. Plaintiff incorporates paragraphs one through thirty-nine of his Complaint as if set more fully at length herein.

41. The actions of Defendants Jose Delgado, Jr. and Officer #2 violated Plaintiff's Rights under the First Amendment of the United States Constitution to exercise Freedom of Speech and Expression.

42. The actions of Defendants Jose Delgado, Jr. and Officer #2 violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unlawful arrest, the unlawful use of force, and malicious prosecution.

## Count II

### Plaintiff v. Defendant Millcreek Township, a municipal corporation

#### *Federal Constitutional Claims*

43. Plaintiff incorporates paragraphs one through forty-two of his Complaint as if set more fully at length herein.

44. The violation of Plaintiff's Constitutional Rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of Defendant Millcreek Township, a municipal corporation, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following polices, patterns, practices, and customs, and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

    b. The use of force by police officers;

    c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

    d. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

    e. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

    f. The failure to properly sanction or discipline

       officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Millcreek Township Police Officers; and

g.    The practice among Millcreek Township Police Officers of instituting false or pretextual charges such as disorderly conduct and/or public drunkenness against individuals whom the officers have subjected to unlawful force and arrest with the intention of precluding such individuals from instituting civil claims.

## Plaintiff v. Defendant Jose Delgado, Jr. and Officer #2

### *State Law Claims*

45. Plaintiff incorporates paragraphs one through forty-four of his Complaint as if set more fully at length herein.

46. The actions of Defendants Jose Delgado, Jr. an Officer #2 constitute the torts of assault, battery, false arrest, false imprisonment, and malicious prosecution under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages as to all Defendants;

b. Punitive damages as to Defendant Jose Delgado, Jr. and Officer #2;

c. Reasonable attorney fees and costs as to all Defendants;

d. Such other and further relief as may appear just and appropriate.

**Plaintiff hereby demands a jury trial.**

RESPECTFULLY SUBMITTED,

FILIPPI LAW

DATE: 1-5-23     By: _____
Richard E. Filippi, Esquire
PA. I.D. No.: 66525

FILIPPI LAW
4TH & FRENCH STREETS
102 EAST 4TH STREET
ERIE, PA. 16507
(814) 874-0558

Attorney for Plaintiff.